5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Samuel Lee ANDERSON, Appellant.
 No. 93-1907.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1993.
Filed: September 7, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Samuel Lee Anderson, a federal inmate, appeals from the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. Anderson argues that his trial counsel were ineffective because they did not adequately investigate his claim of self-defense or assess his competency; did not advise him that intent was an element of the offense to which he pleaded guilty; and did not file an appeal based on the trial court's erroneous finding that he was competent.
 
 
 2
 We hold that Anderson has not established ineffective assistance of counsel. Assuming the conduct of counsel fell below an objective standard of reasonableness, Anderson did not show that the result of the proceeding was rendered unreliable or fundamentally unfair by the deficient performance. See Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993). The record reveals that the magistrate judge ordered Anderson hospitalized for psychiatric treatment and evaluation at the Federal Medical Center in Springfield, Missouri. The magistrate judge later conducted a competency hearing pursuant to 18 U.S.C. Sec. 4241 and found Anderson competent to stand trial based on the report of the Federal Medical Center psychiatrist. See Godinez v. Moran, 61 U.S.L.W. 4749, 4751-52, 1993 WL 218258, at * 4-5 (U.S. June 24, 1993) (No. 92-725) (competency standard for pleading guilty same as competency standard for standing trial). At the plea hearing, Anderson testified that the medication he was taking did not influence him or interfere with his understanding of the nature of the proceedings; he understood the nature of the charge against him; he had had enough time to review the evidence that the government would produce to prove the charge; and his plea was not a result of any threats made against him. Anderson also swore under penalty of perjury that he was satisfied with the representation of his counsel. Further, we conclude that Anderson would not have prevailed on an appeal based on the allegedly erroneous finding of competency. A competency determination is a factual finding which we must affirm unless clearly arbitrary or unwarranted. United States v. Voice, 627 F.2d 138, 141 (8th Cir. 1980). The magistrate judge's finding was supported by the Federal Medical Center report and was not clearly arbitrary or unwarranted.
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska